Dolores Calderón Rivera Vda. de Suárez, demandante y apelante, *v.* Jesús Berríos Ortiz, demandado y apelado; y El Municipio de Carolina, interventor y apelado.

No. 6248.—*Sometido:* Abril 20, 1934. *Resuelto:* Septiembre 29, 1934.

*J. J. Ortiz Alibrán,* abogado de la apelante; *Félix C. Más,* abogado del demandado apelado; *Hon. Procurador General Benjamin J. Horton (Charles E. Winter* en el alegato) y *Emilio de Aldrey, Subprocurador,* abogados del interventor.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Dolores Calderón Rivera vda. de Suárez, demandante en una acción reivindicatoria, solicitó se dictara una sentencia conteniendo los siguientes pronunciamientos: que la demandante es la única dueña del solar descrito en la demanda; que el demandado Berríos sin derecho ni título para ello posee ilegalmente dicho solar, con perjuicio de los derechos de propiedad de la demandante; que el demandado Berríos

deje dicho solar a la libre disposición de la demandante; que el demandado Berríos, actuando de mala fe, ha edificado en dicho solar la casa que se describe en la demanda; que se decrete que el demandado Berríos pierda sus derechos de propiedad sobre dicha casa, sin derecho a indemnización, y que se autorice a la demandante para proceder a la demolición de la misma; y que se concedan las costas a la demandante, así como cualquier otro remedio que sea procedente.

Al iniciarse el juicio la demandante solicitó verbalmente se dictara sentencia sobre las alegaciones. La demanda estaba jurada y el fundamento principal de la moción fué la supuesta insuficiencia de una declaración jurada que se acompañó a la contestación, archivada por Berríos. En el ínterin el municipio de Carolina había intervenido alegando ser dueño del solar, y la demandante radicó una contrademanda contra el municipio. El juez de distrito preguntó a los letrados de la demandante si la moción no debió haberse presentado antes de iniciarse el pleito, pero ellos insistieron en que no era demasiado tarde. El abogado de Berríos sostuvo que la declaración jurada estaba en orden y que en todo caso tenía derecho a enmendarla y solicitó permiso para hacerlo así en el caso de que la corte adoptara un criterio distinto respecto a la suficiencia de la declaración jurada. El juez de distrito dijo que no había duda de que la declaración jurada podía ser enmendada. El letrado de Berríos entonces reanudó su súplica de que se le permitiera enmendar la declaración jurada a fin de subsanar cualquier defecto técnico. Los letrados de la demandante se opusieron sin aducir los fundamentos de su objeción, y el juez entonces se dirigió al letrado del municipio, quien impugnó la declaración jurada unida a la demanda, y dijo que si la demanda no estaba debidamente jurada no era necesario que la contestación lo estuviera. Los letrados de la demandante insistieron en que la demanda estaba suficientemente jurada. Después de un pequeño coloquio entre el juez y el abogado del municipio, el juez dictó resolución en favor de la demandante sobre la

cuestión suscitada por el letrado del municipio y preguntó al abogado de éste si tenía algo más que decir, y él contestó insistiendo en su posición. Los letrados de la demandante hicieron hincapié en un punto previamente suscitado al efecto de que la contestación, independientemente de cualquier cuestión relativa a la suficiencia de la declaración jurada, admitía todos los hechos aducidos en la demanda. El juez entonces dijo:

"La corte declara con lugar la moción del compañero y dicta sentencia por las alegaciones contra el demandado Jesús Berríos Ortiz, declarando con lugar la demanda en cuanto a este demandado."

El demandado Berríos tomó excepción a esto. Ninguna sentencia sobre las alegaciones parece haberse hecho constar por escrito, ni registrado en el libro de sentencias, ni firmado por el juez de distrito, excepto conforme se indica más adelante. A Berríos no parece habérsele notificado ninguna sentencia sobre las alegaciones, ni se radicó copia de tal notificación. Su derecho a apelar de la supuesta sentencia sobre las alegaciones no se ha perdido. En tal apelación Berríos tendría derecho a la revocación por haber dejado la corte de distrito de darle una oportunidad de enmendar su declaración jurada, y de ser necesario, su contestación, a menos que se considere que él ha renunciado tal derecho. Por tanto, no es necesario que nos detengamos a considerar los méritos de la contestación fuera de la cuestión relativa al juramento, aunque no hallamos en ella las supuestas admisiones a que se refieren los letrados de la demandante sin exponerlas detalladamente, o sin aducir claramente la teoría en que basaron su contención en la corte de distrito. Lo anterior admite, únicamente para los fines de la argumentación, la existencia de una sentencia sobre las alegaciones. En realidad, tal sentencia, de existir, se confundió en la sentencia posterior dictada sobre los méritos, según más ampliamente se verá en su oportunidad.

El juicio prosiguió prácticamente sin límite alguno ba-

sado en la evidencia, y el juez de distrito dictó sentencia en favor de la demandante y contra Berríos y el municipio. La demandante apela de la sentencia dictada contra el municipio tan sólo en lo que se refiere al hecho de haberse dejado de incluir las costas. La parte dispositiva de la sentencia entre la demandante y Berríos lee como sigue:

"La demandante presentó una moción solicitando sentencia sobre las alegaciones contra el demandado Jesús Berríos Ortiz, por insuficiencia de la contestación por éste presentada a la demanda.

"Y oídas las partes sobre dicha moción, entiende la corte que tal como está redactada dicha contestación no cumple ésta los requisitos exigidos por el art. 110 del Código de Enjuiciamiento Civil ni controvierte las alegaciones de la demanda, por lo que declara con lugar la referida moción de sentencia sobre las alegaciones, y, en consecuencia, dicta sentencia declarando con lugar la demanda contra el demandado Jesús Berríos Ortiz, con los siguientes pronunciamientos, después de apreciar toda la prueba aportada al caso:

"A.—Declarando como declara que la demandante Dolores Calderón Rivera viuda de Suárez es la única dueña del solar que más adelante se describe.

"B.—Declarando también que el demandado Jesús Berríos Ortiz ha estado poseyendo y posee ilegalmente dicho solar, sin derecho ni título para ello.

"C.—Declarando, como declara, que el demandado ha edificado el edificio que actualmente existe en dicho solar, o sea, una casa de concreto, zinc y madera, terrera, de 8 metros 7 centímetros de frente por 15 metros de fondo, pero que no habiendo sido hecha dicha edificación de mala fe, no procede condenar al derribo de la obra ejecutada.

"D.—Declarando que a tenor del anterior pronunciamiento, están las partes obligadas a lo que se establece en el artículo 297 del Código Civil; esto es, o hacer suya la demandante la obra ejecutada, previa la indemnización establecida en los artículos 328 y 383 del mismo cuerpo legal, o a obligar al edificante a pagarle el precio del terreno, previa la tasación correspondiente; y

"E.—Declarando que no ha habido temeridad o contumacia manifiesta por dicho demandado, por lo que se le exime del pago de costas."

La demandante apeló también de aquellas partes de la sentencia contenidas en los párrafos C, D y E. El primer señalamiento es que la corte de distrito cometió error al tomar en consideración, después de dictar sentencia sobre las alegaciones contra Berríos, cuestiones resultantes de la prueba aportada en el juicio para sostener la demanda del interventor y la contrademanda de la demandante, para pronunciar después por escrito una sentencia por las alegaciones contra Berríos que varía en absoluto la que ya había dictado y desnaturaliza el concepto de la sentencia por las alegaciones. Técnicamente quizá esta contención de la apelante no está del todo carente de mérito, si se considera la sentencia final como una mera sentencia sobre las alegaciones. Sin embargo, no es una mera sentencia sobre las alegaciones, no obstante la referencia a una moción para que se dicte tal sentencia y los pronunciamientos preliminares atinentes a tal moción y a la suficiencia de la contestación. Ella es sustancialmente y de hecho una sentencia sobre los méritos después de apreciarse la prueba. En otras palabras, es una sentencia basada en los hechos establecidos por esa prueba, tal cual ha sido apreciada por el juez sentenciador, a pesar de exponer de nuevo formalmente su resolución oral anterior a la moción verbal solicitando sentencia sobre las alegaciones. Ella no es inconsistente con la supuesta sentencia anterior sobre las alegaciones toda vez que esa sentencia no contenía pronunciamientos específicos contrarios a los comprendidos por los párrafos C, D y E, supra. Sea ello como fuere, la demandante no fué inducida a error en forma alguna en perjuicio propio, el resultado fué correcto, y la sentencia final dictada a favor de la demandante conteniendo todos los pronunciamientos solicitados en su demanda, no embargante los hechos establecidos durante el juicio, hubieran sido una manifiesta injusticia. Toda la cuestión permaneció aún bajo la férula del juez sentenciador y éste no erró al negarse a cerrar los ojos ante los hechos y ante las obvias súplicas de

que se hiciera justicia substancial, y al dictar sentencia final de conformidad con los mismos.

El segundo señalamiento es que la corte de distrito erró al denegar la moción solicitando que los pronunciamientos de las sentencias fueran enmendados y se hicieran en una sola sentencia. Esta cuestión, tal cual ha sido presentada a la corte inferior y conforme se desarrolla en el alegato de la apelante, no necesita discusión separada.

No hallamos que se cometiera abuso de discreción al negarse el juez de distrito a condenar al municipio y al demandado Berríos al pago de las costas. Esto resuelve el tercer señalamiento.

*Las sentencias y resoluciones apeladas deben ser confirmadas.*

El Juez Asociado Sr. Aldrey no intervino.